NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KEITH MAURICE ROBERTS and ROBYN ROBERTS, <br><br> Plaintiffs, <br><br> v. <br><br> PETER C. HARVEY, Attorney General of the State of New Jersey, *et al.*, <br><br> Defendants. | **Hon. Dennis M. Cavanaugh** <br><br> **OPINION** <br><br> Civil Action No. 03-cv-5181 (DMC) |

<u>DENNIS M. CAVANAUGH, U.S.D.J.</u>:

This matter comes before the Court upon motion by Defendants New Jersey Division of State Police, Peter Harvey, Justin J. Dintino, Joseph Dintino (collectively "Defendants") and Defendant Kyle Kaskiw to dismiss pursuant to Federal Rule of Civil Procedure 12(c). Pursuant to Rule 78 of the Federal Rules of Civil Procedure no oral argument was heard. After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that Defendants' motion to dismiss is **denied**.

**I.   BACKGROUND**

    **A.   Factual Background**

On April 27, 1994, non-party, Leonard Stiles ("Stiles") was driving on the New Jersey Turnpike when he was stopped by two troopers, Defendants Kyle Kaskiw and Mark Wondrack, for speeding. Compl. ¶16. Defendants Kaskiw and Wondrack observed Stiles place a package under the driver's seat of his car. Compl. ¶17. A search of Stiles' car uncovered a package containing one

kilogram of cocaine. Compl. ¶17. Subsequent to Stiles' arrest, he agreed to cooperate with the Division of State Police in a "sting" operation. Compl. ¶¶15-18. Specifically, Stiles arranged for Plaintiff Keith Roberts to meet him at a service area on the New Jersey Turnpike on April 28, 1994 in order to engage in a drug transaction. Compl. ¶18. After Plaintiff retrieved the package containing one kilogram of cocaine from Stiles, Kaskiw and Wondrack arrested him. Compl. ¶¶20-21.

Plaintiff was convicted for first degree possession of a controlled dangerous substance with intent to distribute and subsequently incarcerated during the period of April 15, 1996 to October 29, 2001. Compl. ¶¶20-21. The Superior Court of New Jersey Appellate Division upheld Plaintiff's conviction. Compl. ¶21. Subsequently, the State of New Jersey moved to vacate the conviction. See Defs. Ex. C, Rudow Cert. On April 19, 2002, the Honorable Walter J. Barisonek, J.S.C., entered an Order vacating the conviction and dismissing the indictment against Plaintiff. Compl. ¶24.

Plaintiff brought the instant action pursuant to 42 U.S.C. § 1983, seeking relief on the theory that his arrest was the result of Defendants' impermissible racial profiling of non-party Stiles. Specifically, Plaintiffs claim that Defendants violated Roberts' Fifth, Eighth, Ninth and Fourteenth Amendment rights.

### B. Procedural Background

Plaintiffs' filed the instant Complaint in this Court on October 29, 2003. Defendants New Jersey Division of State Police, Harvey, Dintino and Fuentes moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). In an opinion filed on August 30, 2004, this Court granted Defendants' motion, finding that "the record simply lacks sufficient detail to constitute a cause of action against defendants" on Plaintiffs' racial profiling theory. Defs. Ex. 1 at 7, Aug. 30,

2005 Op.

On appeal, the Third Circuit reversed and remanded this Court's decision, finding that (1) the Complaint satisfies the liberal pleading standards of the Federal Rules of Civil Procedure; (2) the Court should have granted Plaintiffs leave to amend the Complaint; and (3) Plaintiff filed his claim within the statute of limitations.  Thereafter, Plaintiffs declined to amend their Complaint. After filing an Answer, Defendants made the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12(c).

**II.     STANDARD OF REVIEW**

In reviewing a motion to dismiss on the pleadings made pursuant to Federal Rule of Civil Procedure 12(c), a Court must take all allegations in the Complaint as true, viewed in the light most favorable to the plaintiff.  See Gomez v. Toledo, 446 U.S. 635, 636 n.3 (1980); Robb v. Philadelphia, 733 F.2d 286, 290 (3d Cir. 1984).  If no relief could be granted under any set of facts that could prove consistent with the allegations in the Complaint, the Court may dismiss the Complaint for failure to state a claim.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

**III.    DISCUSSION**

In its opinion reversing this Court's earlier decision, the Third Circuit unequivocally stated that Plaintiffs' Complaint satisfied the Rule 12(b)(6) standard.  Specifically, the Third Circuit found that Plaintiffs satisfied the liberal notice pleading standards of the Federal Rules of Civil Procedure. As noted by Defendants, "[a] Fed. R. Civ. P. 12(c) motion is identical, in substance, to a Rule 12(b)(6) motion to dismiss for failure to state a claim."  Defs. Br. at 8-9.  Accordingly, it is appropriate for this Court to use the same guidelines in deciding this motion as it would a motion to dismiss made pursuant to Rule 12(b)(6).

In light of the Third Circuit's conclusion that Plaintiffs' Complaint is sufficient to withstand a Rule 12(b)(6) motion to dismiss, this Court, being bound by the Circuit's ruling, denies Defendants' motion to dismiss.

**IV.    CONCLUSION**

For the reasons stated, it is the finding of this Court that the motion to dismiss is **denied**.  An appropriate Order accompanies this Opinion.

          S/ Dennis M. Cavanaugh
          Dennis M. Cavanaugh, U.S.D.J.

| | |
|---|---|
| Date: | April  10 , 2007 |
| Orig.: | Clerk |
| cc: | Counsel of Record |
| | The Honorable Mark Falk, U.S.M.J. |
| | File |